```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
              Plaintiff,       )
                               )    Case Nos.  12 C 5832
     v.                        )               10 CR 780
                               )
DEAN ANTHONY GILL,             )
                               )
              Defendant.       )
```

## MEMORANDUM ORDER

Dean Anthony Gill ("Gill"), who was represented by counsel when he entered a blind plea of guilty pursuant to a written plea declaration, has filed a pro se 28 U.S.C. §2255 ("Section 2255") motion to vacate, set aside or correct the 66-month custodial sentence that this Court imposed on him on July 27, 2011. Although the advisory Sentencing Guideline range applicable to Gill's crime of illegal reentry into the United States ran between 77 and 96 months, this Court found the thoughtful sentencing memorandum and argument made on Gill's behalf by attorney Mary Judge, a member of this District's outstanding Federal Defender Panel, to be highly persuasive and concluded by imposing a sentence below that range.

Yet Gill now challenges his lawyer's representation as constitutionally deficient because she assertedly did not argue adequately that he be given the benefit of "fast track" treatment -- so much so that his constitutional rights have

assertedly been violated by that claimed deficiency.  With all due respect, Gill's Section 2255 motion calls to mind the lament by Shakespeare's King Lear:

> How sharper than a serpent's tooth it is
> To have a thankless child![1]

In point of fact, the sentencing memorandum submitted by attorney Judge made the best possible case for a "fast track" deduction for Gill, whose substantial prior criminal record (1) had begun with a ten-year custodial sentence following a guilty plea at age 19 to a charge of possession with intent to distribute cocaine and (2) was then followed by a whole series of other convictions -- a record that added up to an aggregate of 13 criminal history points for Guideline purposes, augmented by an additional two points because Gill was on probation when he committed the current offense.  That total of 15 placed Gill well into the highest criminal history category of VI.

Attorney Judge's sentencing memorandum was written (1) after our Court of Appeals had held that sentencing courts may consider unwarranted sentencing disparities between this and other districts based on the then unavailability of "fast track" treatment here (United States v. Reyes-Hernandez, 624 F.3d 405, 417-22 (7th Cir. 2010)) but (2) before this District Court's own implementation of a "fast track" program as described in United

---

[1] With apologies to the Bard, substitute "thankless client" for "thankless child."

States v. Garcia-Ugarte, 688 F.3d 314, 317 n.1 (7th Cir. 2012):

> Effective March 1, 2012, in response to an earlier memorandum issued by the Department of Justice dated January 30, 2012, the Northern District of Illinois implemented a fast-track program for illegal reentry cases. However, Garcia-Ugarte was prosecuted, convicted, sentenced, and had appealed and delivered oral arguments by November 1, 2011. For these reasons, he is not entitled to consideration for fast-track sentencing under the new policy. Given Garcia-Ugarte's extensive criminal history, it is highly unlikely he would prevail even if considered for the new policy on the merits.

Despite the absence of a fast-track program here at the time of Gill's sentencing, and despite the presence of two adverse factors referred to in the Garcia-Ugarte footnote (both of which also applied directly to Gill), attorney Judge argued vigorously that Gill should be sentenced as though fast-track treatment *did* apply here, supplementing that argument with a highly informative stipulated set of sentencing ranges in all the districts that did have such programs at that time.

Gill now contends that his appointed counsel was ineffective because of her failure to present to this Court an argument for a reduced sentence in return for what he said would have been a waiver of his right to contest deportation together with an agreement to stipulate to an order of deportation. But that contention is wholly empty of merit, both because of the absence of a fast-track program here at the time (see, e.g., United States v. Gomez-Herrera, 523 F.3d 554, 557 n.1 (5th Cir. 2008)) and because Gill lacked even a "colorable, non-frivolous, defense

to deportation" (see United States v. Caneva, No. 04-80562, 2006 WL 1155259, at *2 (E.D. Mich. May 1), collecting appellate decisions from the First, Second, Third, Eighth and Eleventh Circuits). In the latter respect, because Gill's original conviction and 10 year sentence involved felony drug trafficking, an aggravated felony under 8 U.S.C. §1101(a)(43)(B), he was "conclusively presumed to be deportable from the United States" (8 U.S.C. §1228(c)).

And there is more. Gill has failed to show that under his circumstances any fast-track variance would have been available to him even in a district that had a fast track program at the time of his sentencing. In that respect Gill has failed to carry his burden of establishing program eligibility (United States v. Gallardo, 497 F.3d 727, 740 (7th Cir. 2007)).

In sum, this Court has considered both Gill's Section 2255 motion and the government's answer that this Court has ordered. That answer is incapable of contravention by a reply, for its conclusive nature calls for the motion's denial without a hearing (see, e.g., Hutchings v. United States, 618 F.3d 693, 699 (7th Cir. 2010)). Hence the motion is denied.

Finally, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires this Court to issue or deny a certificate of appealability ("COA") upon its entry of this final order adverse to Gill. Because Gill

has not made -- and cannot make -- a substantial showing of the denial of a constitutional right (see <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)), this Court holds that no COA should issue.  Gill is advised, of course, that he may retender that question to the Court of Appeals.

                                                                 /s/ Milton I. Shadur
                                                   Milton I. Shadur
                                                   Senior United States District Judge

Date: September 12, 2012